UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

ONEIL CHERRINGTON,            :
      Petitioner            :
                                    :   CRIMINAL NO. 3:11-CR-312-05
      v.                            :
                                    :
UNITED STATES OF AMERICA,     :   (Judge Kosik)
      Respondent.           :
_____

**MEMORANDUM**

Before the Court is Petitioner Oneil Cherrington's Petition for a writ of error coram nobis (Doc. 244). For the reasons which follow, the Petition will be denied.

BACKGROUND:

On August 7, 2012, Oneil Cherrington entered a guilty plea to Count 21 of an Indictment filed in the United States District Court for the Middle District of Pennsylvania. Count 21 of the Indictment charged Petitioner with distribution and possession with the intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Having accepted Petitioner's plea, this Court ordered Petitioner to surrender to the U.S. Marshals on August 10, 2012, three days after the plea hearing. Cherrington, however, failed to surrender as ordered, and on August 14, 2012, this Court ordered that a warrant be issued for Petitioner's arrest.

Petitioner failed to appear for his sentencing scheduled for February 14, 2013, and thus, it was continued until March 21, 2013. Again, Petitioner failed to appear. The government moved for sentencing *in abstentia*, arguing that Cherrington was "voluntarily absent" due to his fleeing. This Court directed that an evidentiary hearing would be held on April 10, 2013, on the issue as to whether Petitioner was voluntarily absent.

Cherrington again failed to appear before this Court on April 10, 2013, and after a hearing was held, this Court found that Cherrington was willfully absent. This Court then sentenced him to 30 months imprisonment to be followed by a three-year term of supervised release. Cherrington's sentence became final on April 24, 2013, after not having filed an appeal.

Cherrington was arrested in July 2014 and was ordered by this Court to be remanded to the Bureau of Prisons to serve the sentence previously imposed. Subsequently, Cherrington's sentence was reduced from 30 to 24 months under Amendment 782 to the United States Sentencing Guidelines Manual.

Then, on December 1, 2015, Cherrington filed, what was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner claimed that he received ineffective assistance of counsel because his counsel allegedly failed to inform him of the possibility of deportation and failed to file an appeal. By Memorandum and Order dated August 31, 2016, this Court denied Cherington's § 2255 motion for failure to timely file the motion within the one-year limitations period as prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

On October 11, 2016, Cherrington filed, what he has titled, Petition for a writ of error coram nobis, to reopen case, set aside conviction and dismiss charges due to ineffective assistance of counsel ("corum nobis petition"). (Doc. 244).

DISCUSSION:

Cherrington's corum nobis petition sets forth the same issues raised in his previously filed § 2255 motion (Doc. 227) that we denied as being untimely filed. (Docs. 241 and 242, Memorandum and Order denying § 2255 motion). Specifically, Petitioner argues that he received ineffective assistance of counsel because his

counsel allegedly failed to inform him of the possibility of deportation.

Federal courts have the authority to grant a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651. See United States v. Morgan, 346 U.S. 502 (1954). More recent Supreme Court decisions, however, have clarified that " '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' " Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting Penn Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985) (refusing to invoke ad hoc authority under All Writs Act where remedy sought was, in essence, a writ of habeas corpus *ad testificandum* governed by 28 U.S.C. § 2243)). Moreover, coram nobis has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of 28 U.S.C. § 2255. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000).

Cherrington's instant petition seeks relief that is covered by 28 U.S.C. § 2255. Indeed, Cherrington's previously filed motion was one brought under 28 U.S.C. § 2255. (See Doc. 227). The fact that Cherrington was unable to obtain relief under that statute - due to his untimely filing - does not change the result mandated by Carlisle v. United States, *supra*, particularly where, as here, his reliance on coram nobis appears to be a transparent attempt to circumvent the procedural obstacles that barred his § 2255 motion. See Baptiste, 223 F.3d at 189-90 (providing that "the procedural barriers erected by AEDPA are not sufficient to enable a petitioner to resort to coram nobis merely because he/she is unable to meet AEDPA's gatekeeping requirements"); see also United States v. McCrory, No. 01-3008, 2001 WL 936382, at *1 (D.C. Cir. July 19, 2001) (stating that "[p]risoners bringing actions that fall within the scope of 28 U.S.C. § 2255 may not evade the restrictions on such actions by seeking a writ of coram nobis").

Accordingly, Cherrington's petition for a writ of error coram nobis will be denied. An appropriate order follows.